MORRIS WHITE, Respondent, *v.* DAVID EDGAR BRONSON, Appellant.

Supreme Court, Appellate Term, First Department, December, 1922.

**Principal and agent — delivery of samples to selling agent — distribution by agent — when conversion for inability to return samples will not lie.**

A judgment in conversion which makes defendant liable to arrest and imprisonment can be sustained only if the defendant has exercised a dominion over plaintiff's goods in defiance or disregard of his rights therein.

The plaintiff with knowledge that defendant was in business in the city of New York employed him as his sole selling representative in foreign countries and upon defendant's request sent to him a complete line of samples which defendant promised to return whenever the arrangement between them should cease. About six months later plaintiff for cause terminated said arrangement and demanded back the samples which by that time had been distributed to agents of defendant in various parts of the world for use as samples. Although defendant promised plaintiff that the samples would be returned in a month, defendant only received from his agents about one-third of them which he returned to plaintiff. In an action in conversion for the samples not returned, it was conclusively shown that defendant in sending to his own agents the samples, merely carried out the purpose for which they had been sent to him. *Held,* that while the evidence might be sufficient to justify a judgment against defendant for breach of contract to return the samples, the mere failure and refusal to return them on demand, due to the fact that they were not at that time in defendant's possession and control, did not constitute a conversion and a judgment in plaintiff's favor will be reversed, with costs, and the complaint dismissed, with costs in the court below.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, rendered in favor of the plaintiff after a trial before the court without a jury.

*Anderson, Phillips & Moss* (*Harry G. Anderson* and *Louis J. Merrell* of counsel), for appellant.

*Koppelman & Weinberg* (*Harris Koppelman,* of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment against the defendant for conversion of certain goods delivered to the defendant. It appears according to the plaintiff's testimony and of course the decision of the trial justice has resolved all disputed questions of fact in favor of the plaintiff, that some time prior to January, 1920, the plaintiff employed the defendant as his " sole selling representative in the United Kingdom and Allied and neutral European countries," and probably in all other foreign countries. The defendant requested the plaintiff to send him twelve complete lines of samples and promised to return these

samples to the plaintiff whenever the selling arrangement between the parties should cease. The plaintiff sent one dozen samples of the various lines of goods which he manufactured, with a statement purporting to show the prices of the goods delivered to the defendant, and that they were sold or sent " on memo." In June, 1920, the plaintiff for cause terminated his arrangement with the defendant, and demanded back the samples. These samples had been by that time distributed to agents of the defendant in various parts of the world for use as samples. The defendant consequently was not in a position to return the samples immediately, but wrote to the agents to whom he had delivered them to return them, and promised the plaintiff that they would be returned in a month. The defendant has received from his agents in foreign countries a little more than a third of the samples, and has returned them to the plaintiff. The remainder of the goods were not returned to him by his own agents, and he has failed and refused to return them in his turn.

This evidence might be sufficient to justify a judgment against the defendant for breach of contract to return the samples delivered to him whenever his agency should cease, but a judgment in an action for conversion which makes the defendant liable to arrest and imprisonment can be sustained only if the defendant has exercised a dominion over the plaintiff's goods in defiance or disregard of the plaintiff's rights. The mere failure and refusal to return the goods to the plaintiff as rightful owner constitutes no conversion if such failure or refusal was due to the fact that the plaintiff's goods were not at that time in the defendant's possession and control. Since it appears that at that time the samples had been sent by the defendant to his own agents in foreign countries, and had not obtained return to him, the plaintiff can make out his cause of action only by showing that the act of sending these goods was such a disregard of the conditions upon which the goods were delivered to the defendant as to constitute an appropriation of the plaintiff's goods to defendant's own use and beneficial enjoyment, and the plaintiff seeks to sustain the judgment on this theory.

In my opinion there is not only no evidence to sustain such a finding, but, on the contrary, the evidence conclusively shows that the defendant in sending the samples to his own agents in foreign countries merely carried out the purpose for which the samples were delivered to him. The plaintiff knew that the defendant was in business in New York, and there cannot be the slightest doubt that it was the intention of the parties that the defendant should sell the plaintiff's goods in foreign countries, not by personal

travel through those countries, but by agents or representatives whom he might employ there, and when the defendant asked for twelve lines of samples, the plaintiff must have understood that they were to be sent by defendant (to use the expression of plaintiff's own witness) " wherever he saw fit to dispose of them."

Judgment should, therefore, be reversed, with thirty dollars costs, and the complaint dismissed, with appropriate costs in the court below.

McAVOY and WAGNER, JJ., concur.

Judgment reversed.